PeaesoN, C. J".
 

 By force of the agreement, executed
 
 16th of
 
 December, 1856, the defendant was bound, at the close of the year 1857, to render an account.
 

 Erom the answer and the account filed as an. exhibit, we are satisfied that, so far from rendering a full and fair account, as he was bound to do, the defendant induced the plaintiff to execute the note, mentioned in the pleadings, upon the footing of calculations by himself, upon loose statements and detached papers, without time for examination; so that, in fact,
 
 *110
 
 there was no account rendered, and nothing done by the parties, considering the relation in which they stood, which can be allowed the effect of a settlement.
 

 The answer is unfair and evasive in many respects ; for instance : to the charge, that when the defendant took possession of the farm and mills, there wei’e on hand, among other things, seven bales of cotton, which the defendant had failed to account for; the response is: “ This defendant has no recollection of the seven bales of cotton having come into his hands, and does not believe it to be true; but of this, the defendant is certain, if it (the seven bales of cotton) ever came to his hands, the complainant received the proceeds. There would appear no item of it in the account for 1857, since the transactions, under the contract, for each year were to be kept distinct.”
 

 The first attempt is made to evade this charge, by treating the seven bales of
 
 cotton
 
 as of
 
 no more
 
 importance than a stack of fodder, about which the defendant could not be expected to have any distinct recollection !! The second is, by a suggestion, that' the seven bales of cotton, being of the crop of 1856, did not form an item in the account of 1857, as the transactions of each year, by the contract, were to be kept distinct.” If this cotton did not make an item in the account for the year 1857, it certainly would not in the account for the year 1858 !! But supposing this cotton to have been on hand on the 1st of January, 1857, and in regard to a fact of that importance, an agent, who is bound to render an account, is not at liberty to leave the matter in doubt, then, it did properly form an item of account for the first year, as much as the lumber and other articles on hand when the defendant took charge of the business, and the loose and general statements of the answer, in regard to it, shows the sort of “ settlement” made on the 1st of January, 1858, when the plaintiff was induced to execute his note.
 

 Again ; the bill charges that the defendant kept possession of all the vouchers, receipts, &c., on the footing of which, the calculations were made and the note executed. The answer
 
 *111
 
 admits this, and by way of explanation, say, “ the plaintiff cannot complain, since they are of no service to him whatever — consisting of receipts for money paid to third persons— sheriff's receipts for money paid on executions against him, &c., &c. There is
 
 no evidence of
 
 debt, whatever,
 
 held by the defendant against the complainant among the scdd vouchers,”
 
 and yet, in the account filed with the answer, as an exhibit, is this item : “ Note due 1st January, 1857, with interest to 1st January, 1858, $1718.33, which is thus charged to the plaintiff, but is held by the defendant. Again ; although the note is executed lsi January, 1858, as for a balance, $14,815.91, then due, in the account, set out for the purpose of showing that balance, there are several charges in
 
 January and Feb
 
 ruary, 1858, e. g. cash paid Moses Rountree
 
 19th
 
 January, 1858, $958.14; cash paid Rountree & Co., 4th February, 1858, $370.21.
 

 It is unnecessary to make further specifications. “ The judgment, at law, ought only to be allowed to stand as a security for whatever may be found to be due to the defendant, upon taking an account between the parties, on the footing of principal and
 
 agent;" Franklin
 
 v.
 
 Ridenhour,
 
 5 Jones’ Eg.. 422.
 

 There is error in the decretal order dissolving the injunction. It ought to be continued to the hearing.
 

 Pee Cubiam, Decretal order reversed.